IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAPHAEL MOSES SPEARMAN, ) | |
| ) | Civil Action No. 15 – 1282 |
| Plaintiff, ) | |
| ) | District Judge Mark R. Hornak |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| J. KENNEDY, *Inmate Accounting*, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), as both frivolous and for failure to state a claim upon which relief may be granted.

II. **REPORT**

Plaintiff Raphael Moses Spearman ("Plaintiff"), currently an inmate at SCI-Rockview, has filed a Complaint against J. Kennedy ("Defendant"), an employee in the Inmate Accounting Office at SCI-Greene. After screening the Complaint as required by 28 U.S.C. § 1915A, it is recommended that the Complaint be dismissed as both frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Plaintiff alleges that due to the Defendant's failure to mail the proper *in forma pauperis* paperwork to the court for a case he filed in the United States District Court for the Eastern

1

District of Pennsylvania on February 28, 2014, his case was dismissed and he lost out on the right to receive a settlement of $620,000.00. He alleges that Defendant violated his right to access the courts under the First Amendment of the United States Constitution and is therefore liable for the entire amount of the settlement that he would have received had the court not dismissed his case for failing to submit the proper *in forma pauperis* documentation.

### A. Legal Standards

The Court must liberally construe the factual allegations of Plaintiff's Complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation omitted); Haines v. Kerner, 404 U.S. 519, 520 (1972). In addition, the Court should "'apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Under the PLRA, courts have an affirmative duty to screen and review prisoner complaints filed by inmates who seek leave to proceed *in forma pauperis*. 28 U.S.C. § 1915A. Federal courts are granted the authority to *sua sponte* dismiss claims in *in forma pauperis* proceedings if the court determines that a claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(i)-(iii). Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in the PLRA.

2

"[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hawkins v. Coleman Hall, C.C.F., No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing Neitzke, *supra*). Thus, under Section 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" O'Neal v. Remus, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting Price v. Heyrman, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing Neitzke, 490 U.S. at 327)).

A complaint that fails to state a claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)[1] if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). As the Supreme Court held in Twombly, in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550

---

[1] In reviewing complaints under 28 U.S.C. §1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). D'Agostino v. CECOM RDEC, 436 F. App'x 70, 72 (3d Cir. 2011) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)).

U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

   B. <u>Analysis</u>

Judged against the aforementioned benchmarks, Plaintiff's Complaint plainly fails. First, Plaintiff has misrepresented the facts in his Complaint. Plaintiff alleges that his case was dismissed due to the Defendant's failure to submit the proper *in forma pauperis* paperwork.[2] The case to which Plaintiff refers is CA No. 2:14-1296, which he initiated in the United States District Court for the Eastern District of Pennsylvania on February 28, 2014 with the filing of a Motion for Leave to Proceed *in forma pauperis*.[3] *See* Docket Sheet for CA No. 2:14-1296, attached hereto. While it appears that the Motion was denied for Plaintiff's failure to submit a certified prisoner account statement for the entire relevant six-month period, the Motion was denied *without prejudice* for Plaintiff to correct the deficiency within thirty days. Plaintiff did in fact correct the deficiency on time, and even though there was some delay in granting Plaintiff's resubmitted Motion for Leave to Proceed *in forma pauperis*, his case was never dismissed and remains pending to this day.

Additionally, Plaintiff is incorrect in his assertion that he lost out on his right to receive a settlement of $620,000.00. Plaintiff makes reference to a "settlement conference" that allegedly could not take place due to the Defendant's failure to submit the proper *in forma pauperis* paperwork and the resulting subsequent dismissal of his case. Thus, it appears that Plaintiff is

---

[2] The undersigned believes that Plaintiff is referring to his six-month certified prisoner account statement.

[3] The undersigned takes judicial notice of this case since it is a matter of public record.

under the impression that a settlement conference was scheduled to take place and that he would have received the full amount of the settlement he was seeking had his case not been dismissed due to the Defendant's conduct.

Plaintiff's misimpression or confusion appears to stem from an Order of Court dated April 24, 2014, wherein the court ordered the case referred to the United States Magistrate Judge "to schedule and conduct a settlement conference at the appropriate time."[4]  This, however, appears to be nothing more than a standard order that is issued by the Eastern District Court upon initiation of a case.  No such settlement conference was ever scheduled.  Furthermore, the defendants in that case were not even served with Plaintiff's complaint until September 15, 2015, almost a year-and-a-half after that Order was entered.  In fact, the due date for the defendants' waivers of service has not even passed.  As such, that court does not yet have personal jurisdiction over these individuals and cannot order them to do anything, like engage in settlement negotiations, until it does so, assuming that it will do so at all.  Instead, it is more likely that the case will proceed through the normal course of litigation with the filing of pretrial motions.  For these reasons, Plaintiff's allegations lack an arguable basis in fact and his Complaint should therefore be dismissed as frivolous.

Additionally, Plaintiff cannot show that the Defendant has violated his right to access the courts under the First Amendment and for this reason his Complaint should also be dismissed for failure to state a claim.  In this regard, a prisoner raising an access-to-courts claim must show that the denial of access caused him to suffer an actual injury.  *See* Lewis v. Casey, 518 U.S. 343,

---

[4] Also, it is noted that Plaintiff makes reference to a "settlement conference" in a Motion for a Temporary Restraining Order that he filed in that case on February 2, 2015.  Specifically, in that Motion, he asks the court for the date of the settlement conference.

351 (1996). An actual injury occurs when the prisoner is prevented from pursuing or has lost the opportunity to pursue a "nonfrivolous" and "arguable" claim. *See* Christopher v. Harbury, 536 U.S. 403, 415 (2002). The prisoner must describe any such lost claim in his complaint. Id.

As mentioned, Plaintiff argues that he was prevented from receiving a settlement of $620,000.00 due to the Defendant's failure to submit the proper *in forma pauperis* paperwork to the court. Not only is this a false factual allegation, but Plaintiff did not suffer an actual injury because, as described above, he was not prevented from pursing his claims. The proper *in forma pauperis* paperwork was submitted to the court on time and his motion was later granted. Moreover, even though it is irrelevant, whether or not any of those claims are of arguable merit remains to be seen since CA No. 2:14-1296 is still pending in the Eastern District U.S. Court.

Finally, the undersigned recommends dismissing Plaintiff's Complaint with prejudice as allowing him leave to amend would be futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile).

### III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), as both frivolous and for failure to state a claim upon which relief may be granted.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written

objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: October 9, 2015

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Raphael Moses Spearman
 KK2947
 301 Institution Dr.
 Bellefonte, PA 16823