# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAPHAEL MOSES SPEARMAN, | )<br>) |
| Plaintiff, | ) Civil Action No. 2:15-cv-01282<br>) |
| v. | ) Judge Mark R. Hornak<br>)<br>) |
| J. KENNEDY, Inmate Accounting, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

AND NOW, this 25th day of November, 2015, it is hereby ORDERED that Plaintiff's case is DISMISSED for the following reasons.

Mr. Spearman filed his Complaint on October 1, 2015, ECF 1, and on October 5, 2015, he was granted permission to proceed *In Forma Pauperis* ("IFP")—meaning that he would not be required to pay the filing fee otherwise required to file his claim in federal court. ECF 2.

After screening Mr. Spearman's Complaint pursuant to 28 U.S.C. § 1915A, Magistrate Judge Lenihan recommended that the Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) as frivolous and as failing to state a claim. ECF 6. In accordance with the Magistrate Judges Act, Mr. Spearman was given fourteen (14) days to file written objections. Mr. Spearman did not file objections. Instead, Mr. Spearman filed a Motion to Withdraw Complaint, stating that he would like to withdraw his Complaint "on the grounds stated in the Report and Recommendation." ECF 9.

Mr. Spearman's Motion to Withdraw Complaint sits at the crossroads of two intersecting interests and principles of law.

1

On the one hand, Federal Rule of Civil Procedure 41(a)(1)(A) provides that "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, a plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FRCP 41(a)(1)(A). According to the Third Circuit,

> [t]he Rule affixes a bright-line test to limit the right of dismissal to the early stages of litigation, which simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not. Up to the "point of no return," dismissal is automatic and immediate—the right of a plaintiff is unfettered. A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it. A proper notice deprives the district court of jurisdiction to decide the merits of the case.

*In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 (3d Cir. 2008) (internal quotations and citations omitted)

On the other hand, Rule 41 only applies "subject to . . . any applicable federal statutes." FRCP 41(a)(1)(A). One such applicable federal statute is 28 U.S.C. § 1915(g). § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, once an inmate receives three "strikes" by filing frivolous or meritless lawsuits, the inmate will no longer be able to avoid paying the $350 filing fee to get into federal court. As such, it can make a difference whether Mr. Spearman's case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) (for filing a frivolous claim or failing to state a claim) or simply ends under Rule 41 (pursuant to a voluntary dismissal notice).

2

28 U.S.C. § 1915(g) is an important provision. Litigation determined to be frivolous requires judges—especially Magistrate Judges—to consume resources addressing legal claims which turn out to be meritless. Section 1915(g) ensures that when a prisoner becomes a repeat-filer of meritless claims, the prisoner loses the ability to continue to litigate free of charge.

Numerous cases have held that a district court has the power to dismiss an inmate's case pursuant to § 1915(e), even when the inmate files a Rule 41 notice of dismissal after receiving a Report and Recommendation as to their case, but before the district court's disposition of the Report and Recommendation. *See Large v. Beckham Cnty. Dist. Court*, 558 F. App'x 827, 828-29 (10th Cir. 2014); *Aldrich v. United States*, 2015 WL 4448118, at *1 (D. Mass. 2015); *Lundy v. Nelson* 2014 WL 468509, at*1 (M.D. Ga. 2014); *Walker v. Sec'y, Dep't of Corr.*, 2013 WL 8445033, at *2 (N.D. Fla. 2013); *Franklin v. Scott*, 2012 WL 4742814, at *1 (N.D. Fla. 2012); *Bloodworth v. Timmerman-Cooper*, 2011 WL 1740031, at *4 (S.D. Ohio 2011); *White v. Jones*, 2010 WL 2162634, at *2 (S.D. Ill. 2010); *Grindling v. Hawaii*, 2009 WL 4857399, at *1 (D. Haw. 2009); *Stone v. Smith*, 2009 WL 368620, at *1–2 (S.D. Ga. 2009); *Davis v. Bexley Police Dep't*, 2009 WL 414269, at *1–2 (S.D. Ohio 2009); *Dreiling v. Henderson*, 2005 WL 1705733, at *2 (D. Kan. 2005); *Hines v. Grahm*, 320 F. Supp 2d 511, 528–9 (N.D. Tex. 2004); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998). *See also Crooker v. United States*, 2009 WL 6366792, at *5 (W.D. Pa. 2009) (deeming plaintiff to be "a three-strikes litigant for purposes of 28 U.S.C. § 1915(g)" and taking "the extraordinary measure of denying Mr. Crooker *in forma pauperis* status prospectively in any case he may file in this District" where plaintiff continually filed cases in state court to get around the § 1915(g) "three strikes" rule).

The Court believes that the proper course at this juncture is to honor Mr. Spearman's dismissal Motion as it was written and filed. As stated above, Mr. Spearman moved to

3

"withdraw the complaint, action number stated above, on the grounds stated in the <u>Report and Recommendation</u>." ECF 9. The Court does not view this as a simple notice of discontinuance, given its specific reference to the Report and Recommendation and its reasoning and analysis. Given the motion as filed by Mr. Spearman, this Court need not address at this juncture in this case the effect of our Circuit's decision in *In re Bath Fixture* as to the self-operating effect (if any) of a Rule 41(a)(1)(A) dismissal notice on the disposition of a civil action filed IFP/*pro se* when a Report and Recommendation is pending.[1] This Court will grant Mr. Spearman's Motion and dismiss this action for the reasons stated by the Magistrate Judge in her Report and Recommendation, which is adopted as the Opinion of the Court.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: November 25, 2015

cc: Raphael Moses Spearman
KK2947
301 Institution Dr.
Bellefonte, PA 16823

---

[1] At this point, a PACER search reflects four *pro se* civil filings by Mr. Spearman. Mr. Spearman has three active cases, including this case: 2:14-cv-01296 (E.D. Pa.); 2:15-cv-00142 (W.D. Pa.); and 2:15-cv-01282 (W.D. Pa.). Mr. Spearman also had one other case dismissed in October of 2015 for failure to exhaust his administrative remedies: 2:14-cv-01751 (W.D. Pa.); this case has now been appealed by Mr. Spearman.

4